UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Donald Samburg, <br><br> Plaintiff, <br><br> v. <br><br> Collectcorp Corporation, <br><br> Defendant. | Civil Action No.: _____ |

## COMPLAINT

For this Complaint, the Plaintiff, Donald Samburg, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collections Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

3. Plaintiff, Donald Samburg (hereafter "Plaintiff"), is an adult individual residing in Burlington, New Jersey, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4.  Defendant, Collectcorp Corporation (hereafter "Defendant"), is a foreign corporation with a principal place of business located at 455 N 3rd Street, Suite 260, Phoenix, Arizona 85004, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5.  The names of the individual collectors are unknown but they will be added by amendment when determined through discovery.

## FACTUAL ALLEGATIONS

6.  Plaintiff incurred a financial obligation that was primarily for family, personal or household purposes, and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7.  Thereafter, the debt was purchased, assigned or transferred to Defendant for collection from Plaintiff.

8.  The Defendant then began attempts to collect this debt from the Plaintiff, which was a "communication" as defined in 15 U.S.C. § 1692a(2).

9.  The Defendant harassed the Plaintiff by calling up to three times per day.

10.  The Defendant made threats to add fees to the Plaintiff's debt if it was not paid within a few days.

11.  The Defendant failed to send the Plaintiff a validation letter setting forth the name of the original creditor and the amount of the debt, and giving the Plaintiff notice of his opportunity to dispute the debt.

12.  The Defendant called the Plaintiff's family members and requested that they instruct the Plaintiff to immediately call them.

13. The Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692,** *et seq.*

14. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. The Defendant used profane and abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692d(2).

16. The Defendant caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

17. The Defendant employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

18. The Defendant threatened to cause charges to be made to the Plaintiff, in violation of 15 U.S.C. § 1692f(5).

19. The Defendant failed to send the Plaintiff a validation notice stating the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

20. The Defendant failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the debt was owed, in violation of 15 U.S.C. § 1692g(a)(2).

21. The Defendant failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days, in violation of 15 U.S.C. § 1692g(a)(3).

22. The Defendant failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4).

23. The Defendant failed to send the Plaintiff a validation notice containing the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(a)(5).

24. The Defendant continued collection efforts even though the debt had not been validated, in violation of 15 U.S.C. § 1692g(b).

25. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

26. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The *Restatement of Torts, Second,* § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

29. New Jersey further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated New Jersey state law.

30. Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with phone calls to his home.

31. The telephone calls made by Defendant to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to his existence," thus satisfying the *Restatement of Torts, Second,* § 652(b) requirement for an invasion of privacy.

32. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

33. As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

34. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;
4. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent

FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

5. Punitive damage; and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 10, 2009

        Respectfully submitted,

        By   /s/ Garrett Elias

        Garrett Elias
        Lemberg & Associates LLC
        1100 Summer Street
        Stamford, CT 06905
        Telephone: (203) 653-2250 x 106